UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| U.S. TRUST COMPANY OF DELAWARE,<br><br>Plaintiff,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>Defendant. | CASE NO. C12-1283 MJP<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendant/Third-Party Plaintiff Sun Life Assurance Company of Canada's Motion for Summary Judgment. (Dkt. No. 70.) Having reviewed the motion, Plaintiff U.S. Trust's Response (Dkt. No. 74), Sun Life's Reply (Dkt. No. 82), and all related papers, the Court hereby DENIES the motion.

**Background**

U.S. Trust brought this declaratory judgment action concerning a second-to-die flexible premium guaranteed universal life insurance contract. (Compl., Dkt. No. 1 at 3, 6–7.) U.S. Trust, the owner of the policy, believes it negotiated a 44-year guaranteed no-lapse term and has a

contract indicating such, while Sun Life, the insurer, believes it issued a policy in which the younger insured was "rated" (i.e., was more expensive to insure) and—because the planned premium was held constant at the maximum allowable gift exemption of $44,000 per year—the guaranteed no-lapse term was shortened to 20 years. (Dkt. No. 1 at 4; Dkt. No. 70 at 5–6.) The parties present different versions of the policy as the correct contract. (See Dkt. No. 1 at Ex. A., pp. 8–31 [complete U.S. Trust version]; Wilkosky Decl., Dkt. No. 72-1 at Ex. 1, pp. 5–7 [excerpt from Sun Trust version].)

U.S. Trust seeks a declaration that Sun Life is obligated to accept $44,000 yearly premiums on a $5.5 million insurance policy on the lives of a married couple for 44 years, the no-lapse guarantee period specified in their version of the life insurance policy (and which would be consistent with ending the policy in the year the younger insured turns 100 years old). (See Dkt. No. 1 at 3; id., Ex. A at 12.) In its complaint, U.S. Trust also asserts that any conflicting pre-sale illustrations or purported post-sale alterations provided by Sun Life that contain the signature of one of the Trust's employees are forgeries. (Dkt. No. 1 at 5–6.)

In its answer, Sun Life asserts it issued a different policy altogether. (Dkt. No. 12 at 2.) In addition to filing its answer, Sun Life filed a third-party complaint against the brokerage company it used to sell the policy, Highland Capital Brokerage, and the broker, James R. Allen. (Dkt. No. 22.) In that complaint, Sun Life alleges that it informed Highland Capital that the younger insured had received a table rating of 750% due to her prior medical history, making her insurance more expensive. (Dkt. No. 22 at 4–5.) It further alleges that if the forgery claims of the Trust are true, then Highland Capital and/or Mr. Allen was responsible for modifying or altering the policy issued by Sun Life. (Dkt. No. 22 at 6.)

1  Mr. Allen moved to dismiss himself from the action, asserting lack of personal jurisdiction and failure to state a claim. (Dkt. No. 40.) The Court denied the motion. (Dkt. No. 62.)

Sun Life now moves for summary judgment, asserting the statute of limitations for the breach of contract claim underlying U.S. Trust's request for declaratory judgment began to run at the issuing of the policy (Dkt. No. 70 at 13–14) or when U.S. Trust received documents from its insurance reviewer indicating that the term was shorter than it had previously believed (id. at 14–15). Sun Life also moves for summary judgment on the basis that U.S. Trust does not state a claim for the declaratory relief it seeks. (Dkt. No. 70 at 15–16.)

**Discussion**

I.   Legal Standard

Federal Rule 56(a) provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether a factual dispute requiring trial exists, the court must view the record in the light most favorable to the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). All material facts alleged by the nonmoving party are assumed to be true, and all inferences must be drawn in that party's favor. Davis v. Team Elec. Co., 520 F.3d 1080, 1088 (9th Cir. 2008).

A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

II. Statute of Limitations in Declaratory Judgment Actions

Because this is a diversity action, the parties agree Washington statute of limitations law applies. (Dkt. No. 70 at 13; Dkt. No. 74 at 16.) Declaratory judgment actions borrow their statute of limitations from the underlying controversy. Reid v. Dalton, 124 Wn. App. 113, 122 (3d Div. 2004). The statute of limitations in Washington for an action based in contract is six years. RCW 4.16.040(1).

Sun Life claims the life insurance contract was breached when it was issued with disputed terms, or at the latest when various documents were sent to U.S. Trust allegedly alerting the Trust to the existence of the disputed terms. (See Dkt. No. 70 at 13–15.) Neither of these events constitutes a breach of a life insurance policy. Sun Life has not refused to accept premium payments, nor has it refused to pay the stated benefit—indeed, both members of the insured couple are still alive.

Sun Life's argument derives from the notion that in declaratory judgment actions, the statute should begin to run at the inception of the controversy for which declaratory judgment is sought. See Note, Developments in the Law: Declaratory Judgments, 62 Harv. L. Rev. 787, 829 (1949) ("The cases are less settled where the right to coercive relief has not been extinguished or has not even accrued. Some courts have argued that the statute [of limitations] always runs from the time a justiciable controversy arises."). But the purpose of importing a parallel limitations period into declaratory judgment actions is that the statute will run for both the breach of contract action and the declaratory judgment action in tandem. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 688 (9th Cir. 1993) (applying federal substantive law in holding that "[i]t is settled, therefore, that where legal and equitable claims coexist, equitable remedies will be withheld if an applicable statute of limitations bars the concurrent legal remedy") (quotation marks and citations omitted); Developments in the Law, 62 Harv. L. Rev. at 829 ("The better

rule, toward which the cases seem to be moving, is that the right to declaratory relief continues until the right to coercive relief, as between the parties, has itself been extinguished."). Under Sun Life's interpretation, the purpose of parallel limitations periods would be defeated.

III. <u>Failure to State a Claim</u>

Sun Trust also contends U.S. Trust does not state a claim for the declaratory relief it seeks, even under U.S. Trust's version of the policy. (Dkt. No. 70 at 15–17.) However, the nonmoving party, U.S. Trust, makes a reasonable case for its need for clarity with respect to the disputed contract: the meaning of the contract will dictate its future conduct with respect to premium payments. (Dkt. No. 74 at 21.) And because its copy of the contract clearly references a 44-year guaranteed term and does not reference a shorter term, U.S. Trust's reading of the text of the contract is not irrational and a reasonable juror could find in its favor. (See Dkt. No. 1, Ex. A at 12.) In light of these genuine issues of material fact, summary judgment is inappropriate.

**Conclusion**

Because there has been no breach of contract, the statute of limitations has not begun to run on U.S. Trust's declaratory judgment action. In addition, summary judgment is inappropriate because nonmovant U.S. Trust presents a plausible reading of the contract in its possession. The Court therefore DENIES Sun Life's motion for summary judgment.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 6th day of January, 2014.

Marsha J. Pechman
Chief United States District Judge