UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| U.S. TRUST COMPANY OF DELAWARE, as trustee for the ETCHEVERS 2006 CHILDRENS TRUST DATED 12/18/06,<br><br>Plaintiff,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>Defendant.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>HIGHLAND CAPITAL BROKERAGE, INC. and JAMES R. ALLEN,<br><br>Third-Party Defendants.<br><br>HIGHLAND CAPITAL BROKERAGE, INC.,<br><br>Fourth-Party Plaintiff, | CASE NO. C12-1283 MJP<br><br>ORDER ON MOTION TO EXCLUDE EXPERT TESTIMONY OR IN THE ALTERNATIVE TO PERMIT REBUTTAL TESTIMONY |

| | |
|---|---|
| 1 | v. |
| 2 | |
| 3 | MARSH EXECUTIVE BENEFITS, INC., |
| 4 | Fourth-Party Defendant. |

THIS MATTER comes before the Court on Third-Party Defendant James Allen and Fourth-Party Defendant Marsh Executive Benefits' Motion to Exclude Plaintiff Expert Testimony Pursuant to FRE 702, or, in the Alternative, to Permit Rebuttal Expert Testimony. (Dkt. No. 110.) Having reviewed the Motion, Plaintiff U.S. Trust's Response (Dkt. No. 121), Allen and Marsh's Reply (Dkt. No. 124), U.S. Trust's Surreply (Dkt. No. 128), and Allen and Marsh's Surreply (Dkt. No. 128), the Court hereby DENIES the motion to exclude and DENIES the motion in the alternative to permit rebuttal expert testimony.

**Background**

In the underlying dispute, U.S. Trust brought a declaratory judgment claim against Defendant Sun Life Assurance Company of Canada ("Sun Life") regarding the length of a guaranteed no-lapse term in a flexible premium guaranteed universal life insurance policy U.S. Trust purchased from Sun Life. (Dkt. No. 1.) Sun Life, in turn, brought third-party claims (and requested a jury trial) against insurance broker James Allen and its general agent Highland Capital Brokerage ("Highland"), asserting Mr. Allen was the source of any discrepancy between the versions of the life insurance policy U.S. Trust thought it had bought and Sun Trust thought it had sold. (Dkt. No. 22.) Marsh was brought into the action because it employed Mr. Allen at the time the policy was procured. (Dkt. No. 33 at 8–9.) Mr. Allen and Marsh now challenge U.S. Trust's proffer of an expert report prepared by Mr. Robert D. Merz regarding the duration of the

1  no-lapse guarantee and the extent to which Highland and Allen adhered to generally accepted

2  industry standards in communicating information and documentation to U.S. Trust. (Dkt. No.

3  110; Merz Report, Weaver Decl., Dkt. No. 112-1; Dkt. No. 121 at 3.)

4  **Discussion**

5        To be admissible at trial, expert testimony must be both relevant and reliable. Daubert v.

6  Merrell Dow Pharm., 509 U.S. 579, 589 (1993). A qualified expert may testify if "the expert's

7  scientific, technical, or other specialized knowledge will help the trier of fact to understand the

8  evidence or to determine a fact in issue." Fed. R. Evid. 702. Mr. Allen and Marsh argue Merz's

9  opinion about Highland and Mr. Allen's adherence to industry standards is inadmissible because

10 it is irrelevant to the interpretation of the terms of the contract between U.S. Trust and Sun Life.

11 (Dkt. No. 110 at 5–6.) They further argue Mr. Merz's opinion is unreliable because Mr. Merz's

12 "qualifications are unclear" and he did not review the entire universe of documents pertaining to

13 Mr. Allen's conduct, including deposition transcripts and interrogatory responses. (Dkt. No. 110

14 at 6–13.)

15       As U.S. Trust notes (Dkt. No. 121 at 11), education is not the sole basis for qualification

16 of an expert: The Federal Rules of Evidence contemplate expertise based on "knowledge, skill,

17 experience, training, or education." Fed. R. Evid. 702 (emphasis added); see also Kumho Tire

18 Co. v. Carmichael, 526 U.S. 137, 150 (1999) ("In other cases, the relevant reliability concerns

19 may focus upon personal knowledge or experience."). Here, where Mr. Merz's expertise is based

20 on over forty years of experience in the insurance industry, the precise dates of his degrees and

21 the focus of his studies need not be delineated in exacting detail. (See Dkt No. 112-1 at 119;

22 Merz Decl., Dkt. No. 123 at 2–4.) Mr. Allen and Marsh also contend Mr. Merz's alleged lack of

23 experience with universal life insurance policies or policies held by irrevocable life insurance

24

ORDER ON MOTION TO EXCLUDE EXPERT
TESTIMONY OR IN THE ALTERNATIVE TO
PERMIT REBUTTAL TESTIMONY- 3

1  trusts disqualify him as an expert in this case. (Dkt. No. 110 at 7–8.) But "lack of particularized
2  expertise goes to the weight accorded [Mr. Merz's] testimony, not to the admissibility of [his]
3  opinion as an expert." See United States v. Garcia, 7 F.3d 885, 890 (9th Cir. 1993).

4       Mr. Merz did not rely on Mr. Allen's interrogatory responses or deposition (conducted
5  after Mr. Allen learned that his contact at U.S. Trust, Ms. Pilcher, had died) in forming his
6  opinion about whether Mr. Allen's conduct conformed to industry standards. (See Dkt. No. 121
7  at 13.) The Court agrees with U.S. Trust that this criticism is easily aired during cross-
8  examination and goes to weight rather than admissibility. See Hangarter v. Provident Life and
9  Accident Ins. Co., 373 F.3d 998, 1017 n.14 (9th Cir. 2004). If the profusion of alternate
10 explanations for the data at the center of this transaction precluded any expert testimony on
11 industry standards, it would be the Court's loss. The Court declines to exclude Mr. Merz's expert
12 testimony on the basis that it is unreliable.

13      As to the relevance of Mr. Merz's opinion, industry standards are at issue in the
14 underlying dispute between U.S. Trust and Sun Life in part because each party is debating the
15 extent to which Ms. Pilcher's and/or Mr. Allen's conduct bound the parties on behalf of which
16 they were acting. According to a case cited by both parties in briefing on U.S. Trust's pending
17 Motion for Summary Judgment, industry standards may affect the scope of an insurance broker's
18 implied agency under Washington law. See Chi. Title Ins. Co. v. Wash. State Office of the Ins.
19 Comm'r, 178 Wash.2d 120, 137–38 (2013). U.S. Trust also argues Mr. Merz's expert opinion
20 will assist the trier of fact by explaining the motives of the alleged forgers in altering application
21 and/or policy documents. (Dkt. No. 121 at 10.) Any explanation of the steps a more ordinary
22 insurance transaction would have taken should assist the Court in interpreting the results of the
23 transaction here.

24

ORDER ON MOTION TO EXCLUDE EXPERT
TESTIMONY OR IN THE ALTERNATIVE TO
PERMIT REBUTTAL TESTIMONY- 4

In the alternative, Mr. Allen and Marsh argue that if the Court admits the Merz testimony they should be permitted to submit rebuttal expert testimony. (Dkt. No. 110 at 14.) As U.S. Trust observes, Rule 26(a)(2) requires (in the absence of another scheduling order by the Court or stipulation by the parties) not only that a rebuttal expert be "disclosed" by thirty days from the disclosure of U.S. Trust's expert, but that the disclosure be accompanied by a written report by the rebuttal expert. Fed. R. Civ. P. 26(a)(2)(B). Mr. Allen and Marsh failed to comply with this deadline; their request to submit the testimony of a rebuttal expert is therefore denied.

## Conclusion

Because the expert testimony of Mr. Merz is relevant and would assist the Court in interpreting the nature of the transaction between U.S. Trust and Sun Life, Mr. Allen and Marsh's motion to exclude the testimony is DENIED. Further, because Mr. Allen and Marsh failed to submit the written report of their proposed rebuttal expert within the time specified by the default schedule in the Federal Rules, their request in the alternative for permission to submit expert rebuttal testimony is also DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 25th day of April, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER ON MOTION TO EXCLUDE EXPERT
TESTIMONY OR IN THE ALTERNATIVE TO
PERMIT REBUTTAL TESTIMONY- 5